## MILLER v MILLER

Ohio Appeals, 2nd Dist, Franklin Co

No 2714. Decided Oct 24, 1936

# 386

Chester, Chester & Keyser, Columbus, for appellant.

Weinland, Kahle, Atwood, & Richards, Columbus, for appellee.

## OPINION

By BARNES, PJ.

The above entitled cause originated in the Court of Common Pleas (Domestic Relations) of Franklin County, Ohio.

Plaintiff filed her petition for divorce against the defendant on January 30, 1935. The claim was set forth as grounds for divorce, specific acts claimed to constitute gross neglect of duty on the part of the defendant. The prayer of the petition asked for an absolute decree of divorce, custody of their two minor children, alimony and an allowance for the support of the children.

Service of summons, with copy of petition, was issued to the sheriff of Franklin County, and the return shows service on the same day, to-wit, January 31, 1935. The defendant filed no answer or other pleading.

It appears from the entry and decree subsequently filed that the parties on the 14th day of November, 1934, had entered into articles of separation, wherein, among other things, it was provided that the husband, Floyd Miller, would pay to the wife, "Florence Miller, for the support and maintenance of herself, the sum of Twenty Dollars ($20.00) per month and, for the support, education and maintenance of said children the sum of Forty-five dollars ($45.00)

per month, payable in bimonthly installments on the 10th and 25th of each month hereafter, first payment forthwith and the second on the 25th day of November, 1934, and continuing."

There were further provisions for alterations of the amounts under certain contingencies which are not material as the case is here presented.

In due course the case came on for hearing on plaintiff's petition and on May 28th there was journalized the decree of divorce and so forth.

This decree, among other things, contained the following provision:

"That whereas the said plaintiff and defendant did on the 14th day of November, 1934, enter into a separation agreement with provisions for the custody and support of their minor children and the same having been exhibited to the court, the court does hereby ratify the same, adopt it and the copy hereto attached is made and shall be a part of this decree. The court further finds said contract fair and reasonable."

Defendant continued to pay the several installments for support of plaintiff and her two children until March, 1936, at which time defendant discontinued his payment of $20.00 per month to the wife, but continued his payment of $45.00 per month for the support of the two children.

On April 13, 1936, the plaintiff filed against the defendant an affidavit in contempt, predicated upon the failure to make the payment of $20.00 per month, as provided in the articles of separation later ratified, adopted and made a part of the decree.

The cause came on for hearing on April 24, 1936, and on this date evidence of the parties was presented. Following the conclusion of the evidence, the case was taken under advisement and the parties submitted their written memoranda in support of their respective contentions. On June 24, 1936, the defendant was adjudged to be in contempt and ordered to purge himself by paying the past due installments.

On June 30, 1936, defendant filed notice of appeal on question of law.

The defendant, Floyd Miller, being appellant, through his counsel, sets forth in his assignment of errors the following claims:

1. The court below has never ordered the defendant to pay alimony to the appellee.

2. The appellant has never violated any order of the court below.

3. The court erred in overruling the appellant's motion to dismiss the contempt proceedings.

4. If it be held that the court below did order the appellant to pay the appellee alimony, then, that there is no evidence in the record that the appellant had the ability to comply with such order.

5. That the judgment of the court below was against the great weight of the evidence.

Assignments 1, 2 and 3 are discussed together.

In substance it is the contention of counsel for appellant that the original decree of divorce, wherein the trial court ratified, adopted and made the articles of separation a part of the decree, was not an order of court to pay any amount by way of alimony or support of the children; that in order to have such effect it was necessary for the court to go farther and order that the parties should comply and perform all and each of the provisions therein provided to be done and performed.

The law in this state very clearly determines that contempt proceedings may not ▇▇▇▇ be predicated upon mere articles of separation wherein there are contained provisions for payment of support money for wife or children.

It is likewise the settled law that contempt proceedings may be ▇▇▇▇ predicated upon failure to pay alimony or support money, where the same is made a court order.

Referring to this phase of the case, the sole question for determination is whether or not the decree for divorce, etc., wherein there was attached the copy of the articles of separation and by reference the same ratified, adopted and made a part of the decree, constituted an order of court to pay. Both sides cite the very recent case of **Holloway v Holloway, 130 Oh St 214.** The syllabus reads as follows:

"Contempt proceedings lie against a husband for failure to pay alimony as provided in the separation agreement which is incorporated into and made a part of a divorce decree."

Counsel for appellant quote in full what is claimed to be the journalized entry in this case of Holloway v Holloway, but evidently this must have been procured from the record, since neither the statement of the case nor the opinion sets forth the decree in full. Reading the entire statement and opinion of the court in the light of appellant's contention, we are unable to conclude that the Supreme Court predicated its finding and judgment upon the added provisions of the entry ▇▇▇▇  as set out in appellant's brief. It is our conclusion that the decree in the instant case by adopting and making a part of the decree the articles of separation and attaching such copy to the decree, constitutes an order of court to pay.

Referring to specifications of error numbers 4 and 5, it is our conclusion that the record adequately supports evidence of ability to pay, and also that the judgment of the court was sustained by sufficient evidence.

We find no prejudicial error in the judgment of the trial court.

It therefore follows that appellant's appeal will be dismissed at his costs.

Entry may be drawn accordingly.

Exceptions will be allowed to appellant.

HORNBECK and BODEY, JJ, concur.