## WOLF v WESTERN & SO LIFE INS CO

Ohio Appeals, 1st Dist, Butler Co

No 742.   Decided May 27, 1938

Williams, Sohngen, Fitton & Pierce, Hamilton, for appellee.

Jos. O. Meara, Jr., Cincinnati, and John D. Andrews, Hamilton, for appellant.

504

## OPINION

By ROSS, PJ.

The last entry made in this case in the Court of Common Pleas is as follows:

"This day this matter came on to be heard upon the motion of the defendant to quash the summons herein and to set aside the service upon said defendant, and the same was submitted to the court upon argument and memoranda of counsel for the parties.

"Upon due consideration of said motion, the court, being fully advised in the premises, finds said motion to have been not well taken, and does hereby overrule the same.

"The defendant is hereby given leave to plead herein within fifteen days from the filing of this entry.

"To which ruling of the court, the defendant hereby excepts."

No motion has been made to dismiss the appeal, but if this court has no jurisdiction to entertain the appeal, the absence of such motion is immaterial, and sua sponte, we consider such question.

The action of the court relates merely to the question of the service of process. A determination of the jurisdiction of the court over the person of the defendant is dependent in this case upon whether the defendant has been lawfully served with summons. The trial court has decided that it has jurisdiction over the person of the defendant and has sustained the service of process. How can it be claimed that this is a final order carrying in it the characteristic of a judgment. According to the **Constitution of Ohio, Article IV, §6**, this court has power to review judgments only. This power is not and cannot be enlarged or diminished by the provisions of §12223-2, GC, as amended, effective August 23, 1937, which provides:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made

in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a general verdict of a jury and ordering a new trial, is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title."

A judgment is defined in §11582, GC, to be:

"A judgment is the final determination of the rights of the parties in action. A direction of a court or judge, made or entered in writing and not included in a judgment, is an order."

In **Chandler & Taylor Co. v Southern Pacific Co., 104 Oh St 188**, the Supreme Court rules in the syllabus as follows:

"Such interpretation must be given a provision of the Constitution as will promote the object of the people in adopting it, and narrow and technical definitions of particular words should be avoided. In obedience to this rule the term 'judgments' appearing in §6 **Article IV of the Constitution** as amended in 1912, is used in its broad and generally accepted meaning and not in that restricted meaning formerly given it by the Legislature in §11582, GC. The term comprehends all decrees and final orders rendered by a court of competent jurisdiction and which determine the rights of parties affected thereby.

"An order vacating a default judgment upon motion of the defendant, filed at the same term, but more than three days after its rendition, is not a final determination of the rights of the parties and is not reviewable unless the court abuses its discretion in making it."

Judge Jones in the opinion definitely concludes that final orders, as such, are reviewable in view of the Constitution and the statutes noted, because of the characteristic of finality incident to the peculiar order in question.

We find no difficulty in holding that the order here under consideration does not possess such finality as will warrant its classification as a final order and reviewable.

The appeal will be dismissed sua sponte

HAMILTON and MATTHEWS, JJ, concur.