## HALL v KROGER GROCERY & BAKING CO.

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3121. Decided Jan. 5, 1940.

Virgil P. Cline, for plaintiff-appellee.
Horace S. Kerr, Columbus, for defendant-appellant.

### OPINION

BY THE COURT:

This matter is before this Court upon a motion of the plaintiff-appellee to dismiss the appeal by the defendant-appellant on the ground that said appeal is not from any judgment or final order of the Court of Common Pleas and that, therefore, this Court has no jurisdiction to entertain said appeal.

The facts necessary for the consideration of the matter may be briefly stated. In 1936, a prosecution was instituted against the plaintiff-appellee for forgery based upon the proper preliminary affidavits. The Grand Jury returned a "no bill" to the indictment. The plaintiff thereupon brought an action for false arrest against the defendant and subsequent to the filing of the plaintiff's petition and prior to the trial, an indictment was returned against the plaintiff for forgery. Prior to the civil trial, the Court considered the effect of the pending indictment and concluded that the question raised should be determined on the trial of the case and the case being then submitted to a jury, a verdict for $5000.00 was returned.

The defendant moved for a new trial, which was granted on the ground that the verdict was excessive and that the Court erred in submitting the question of the validity of the indictment to the jury.

The Court stated in his opinion, on the motion for new trial, "on its face the alleged indictment was valid. Under these circumstances, we should not have permitted a collateral attack upon its validity".

Thereafter, the defendant moved the Court to dismiss the plaintiff's petition for the reason that said petition was prematurely filed. Counsel for defendant points out that after the filing of the petition, at which time the charge had been ignored by the grand jury, there was returned an indictment for forgery which was not at the time of the trial disposed of, and urged that until the indictment was disposed of, the filing of a petition for malicious prosecution was premature and that the cause should be dismissed because prematurely brought and that it can not be refiled until the plaintiff has either been acquitted or the indictment be otherwise disposed of.

The final entry upon the motion overruled it in the usual manner.

Thereupon, on the same day, the defendant-appellant gave notice that it would prosecute an appeal to the Court of Appeals of Franklin County in the above styled matter and said appeal will be on questions of law.

We note that the attorney for appellee in his memorandum quotes from the opinion of the court upon the motion to dismiss and points out the fact that the Court stated, in discussing the effect of the pending indictment that, "factual questions are involved which may and should be presented to the trial court and for that reason the motion to dismiss should be overruled."

Counsel state, in effect, that the decision of the Court reserves the consideration of the question raised by the defendant's motion and that at the new trial the defendant will have the privilege of raising the question involved and eliciting evidence thereon.

The error of this position is that there was no appeal from the opinion of the Court, but an appeal from the order of the Court, which is simply the overruling of the motion, without any statement that there is any reservation or any factual question involved for future determination.

The question before us is whether or not the overruling of a motion to dismiss the cause of action is a final order from which appeal may be taken or whether it is simply an interlocutory order, the prejudicial effect of which may be considered if the action on future trial results in a verdict and a final order from which appeal may be properly prosecuted.

Sec. 12223-2, GC., provides an order affecting a substantial right in an action when in effect it determines the action and prevents a judgment, etc., is a final order which may be reviewed.

The order of the Court overruling the motion of the defendant to dismiss does not determine the action, nor does it prevent a final judgment.

The order was simply to the effect that the petition, as filed, was not subject to a motion to dismiss because of the pendency of an untried indictment. The motion might be likened to a demurrer, the overruling or sustaining of which is not a final order. 2 O. Jur., p. 137, §121.

Motion to dismiss appeal sustained.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.