TONIO, APPELLEĖ, *v.* LETT & CO. OF INDIANA, INC., APPELLANT.

(Decided June 3, 1940.)

*Mr. Peter B. Betras,* for appellee.
*Messrs. Harrington, Huxley & Smith,* for appellant.

PHILLIPS, J. Defendant, an Indiana corporation,

appealed to this court on questions of law, from an order of the Court of Common Pleas of Mahoning county overruling defendant's motion to quash service of summons on it in plaintiff's action against it for damages for personal injuries.

Plaintiff filed an action in the Court of Common Pleas against the defendant on September 15, 1938, to recover damages for personal injuries sustained on March 3, 1937.

A summons was issued on September 15, 1938, and service sought upon the defendant through the Secretary of State under the provisions of Sections 6308-1, 6308-2 and 6308-3, General Code, but no service was obtained.

A first *alias* summons was issued on February 27, 1939, in the same manner, and this *alias* summons likewise was returned on March 15, 1939, no service being obtained.

A second *alias* summons was issued on April 13, 1939, to the sheriff of Hamilton county in this state, and personal service was obtained upon an officer of the company in that county on this second *alias* summons on April 17, 1939.

Defendant filed a motion to quash this service, which the lower court overruled on August 7, 1939.

The first question presented is whether this order of the lower court overruling the motion to quash is a final order from which an appeal can be prosecuted to this court.

A final order is defined by Section 12223-2, General Code, as:

"An order affecting a substantial right in an action, when in effect it determines the action and prevents a judgment, or an order affecting a substantial right made in a special proceeding, or upon a summary application in an action after judgment, or an order vacating or setting aside a general verdict of a jury

and ordering a new trial, is a final order which may be reviewed, affirmed, modified, or reversed, with or without retrial, as provided in this title.''

Tested by this definition of a final order we are satisfied that the order appealed from in this case lacks the characteristics of finality for the reason that it does not determine the action and prevent a judgment.

Further, to hold it is a final order this court would have to anticipate that the statute of limitations would be interposed in the action in the lower court, whereas the statute may be and is waived unless pleaded. Section 11218, General Code.

In the absence of a motion to dismiss the appeal, as in this case, this court *sua sponte* may dismiss the appeal.

''Where an appeal is taken to the Court of Appeals without a final order in the lower court, the Court of Appeals *sua sponte* may dismiss the appeal.'' *Wolf* v. *Western & Southern Life Ins. Co.*, 59 Ohio App., 238, 17 N. E. (2d), 438.

The appeal accordingly is hereby dismissed *sua sponte*.

*Appeal dismissed.*

NICHOLS, P. J., and CARTER, J., concur.