## SHERWOOD v SHERWOOD

Ohio Appeals, 2nd Dist, Franklin Co.

No. 3237.  Decided Sept. 23, 1940.

670

Homer Trantham, Columbus, for plaintiff-appellee.

Marion N. Bacome, Toledo, for defendant-appellant.

## OPINION

By GEIGER, J.

This matter is before this Court upon appeal from an order of the Court of Common Pleas of Franklin County.

The action relates to a proceeding whereby the defendant-appellant is cited to appear to show cause why he should not be punished for contempt for failure to pay alimony. The original petition was filed in the Court of Common Pleas of Franklin County by Olive B. Sherwood, plaintiff, residing in Franklin County, against her husband, Robert C. Sherwood, then residing at Toledo, Lucas County, Ohio. The original divorce decree finds the defendant has been duly served with summons and a copy of the petition, and that he has been guilty of gross neglect of duty, and the plaintiff is entitled to a divorce—the decree reciting that it appearing to the Court that the parties have entered into an agreement relative to alimony, the Court finds the agreement is just, and its provisions are embodied in the decree, and the agreement made a part thereof. The agreement recites that in the pending action defendant desires to make provisions for the support of his wife, after the granting of the divorce, without the offering of evidence and agrees to pay her monthly the sum of $80.00, provided if his total monthly salary shall be less than $160.00 "he shall have the right to apply to the Court for modification of the award of alimony during the period my total monthly earnings shall be less than $160.00 * * *."

Thereafter, the defendant not having paid the alimony as directed by the Court, the plaintiff filed a motion, supported by an affidavit, for an order of the Court directing the defendant to show cause why he should not be punished as for contempt of Court because of his disobedience of the former order of the Court. The affidavit attached discloses that the defendant paid alimony in sums less than that ordered—the last payment being made in July, 1939.

The matter coming on to be heard, the Court found the motion well taken and ordered the defendant to appear on the 23rd day of September, 1939. before the Judge of the Court of Common Pleas in this Division of Domestic Relations of Franklin County, Ohio, and show cause why he should not be punished as for contempt.

The summons together with a copy of the entry was issued to the Sheriff of Lucas County, and personally served upon the defendant. Thereupon, the defendant disclaiming any purpose of entering appearance and denying the jurisdiction of the Court, moved the Court for an order quashing the service upon defendant upon the citation in contempt issued to Lucas County. This motion coming on to be heard, the Court found it not well taken and thereupon defendant filed a motion for an order vacating the findings of the said Court and for new trial upon said motion to quash service, which motion was by the Court overruled.

The Court below in passing upon said motion stated that the question presented was whether or not the Court has a right to enforce its order by a contempt proceedings where the defendant, who has disobeyed the order, lived outside of Franklin County, but in the State of Ohio, and the Court was of the opinion that having had jurisdiction in the first instance to make the order, the Court does have authority to enforce the order and that the original jurisdiction being state wide so far as the judgment is concerned,

the enforcement of that judgment should not be denied.

Thereupon, within time the defendant gave notice of his intention to appeal from the finding of the Court overruling the motion of defendant for an order quashing service of summons, upon the citation out of the Court of Common Pleas of Franklin County to Lucas County; said motion to quash being upon the sole ground that the Court of Franklin County was without jurisdiction to issue said citation, and to have the same served upon the defendant outside the territorial limits of Franklin County.

The first matter to which our attention is directed is that the defendant gave notice of his intention to appeal from the finding of the Court overruling the motion of the defendant for an order quashing the service of summons, on the ground that the Court of Franklin County was without jurisdiction. Nothing appears in the record of any further action of the Court. The defendant was not tried for contempt, neither has any punishment been imposed upon him. The question at once arises as to whether such an order is a final order affecting a substantial right as provided by §12223-2 GC, and as such reviewable by this Court.

We have frequently passed on questions of like nature. It has been repeatedly determined by the Supreme Court that the sustaining or overruling of a motion for a new trial is not a final order. This Court has held so frequently, and it is not necessary to cite cases supporting this position. It does not yet appear that the defendant will suffer a final judgment affecting any substantial right. It may be that the Court upon hearing the complaint of his wife and his defense may determine that he should not be punished for contempt. If the judgment of the Court had been that the motion to quash summons should be sustained, the wife would have no right of appeal until there was a final order of the Court dismissing her motion. See **Hall v Grocery Co.**, 64 Oh Ap 561. However, neither counsel have directed the attention of the court to this matter, and we will extend to the defendant the benefit of any doubt we may have as to the applicability of this rule in the pending case, and seek to determine the questions urged.

The defendant has filed a bill of exceptions which recites no other facts than are disclosed by the pleadings and order of the Court. It is substantially an elaboration of the transcript of the docket and journal entries. The defendant makes a fair statement of the case showing that the plaintiff, while a resident of Franklin County, filed her suit for divorce against her husband, then a resident of Lucas County. The Lucas County defendant was served but did not answer, but entered into a written agreement by the terms of which he agreed to pay certain alimony. Upon a hearing, the Court granted a divorce to the plaintiff, and incorporated in the decree the agreement between the parties as to alimony. The defendant defaulted in the payment, and thereupon the plaintiff filed her affidavit, whereupon the court ordered that the defendant appear to show why he should not be punished for contempt. The defendant, still a resident of Lucas County, filed a motion to quash the service upon the ground that the Common Pleas Court of Franklin County did not have jurisdiction. This motion was overruled and defendant appealed.

The defendant states on page 3,

"The sole question involved is whether on the above facts the Court of Common Pleas of Franklin County, Ohio, Division of Domestic Relations, has jurisdiction over the defendant in such contempt action."

The defendant bottoms his position upon the claim that the jurisdiction of the Court of Common Pleas of Franklin County has territorial limitations in the enforcement of contempt proceedings, it being urged that when the Court in Franklin County has granted the divorce and fixed the alimony, that its jurisdiction is exhausted and that it may not proceed in the contempt case by summoning the de-

fendant, now living in Lucas County, to appear before the Court of Common Pleas in Franklin County.

Defendant cites in support of his position a number of cases, among them **Petersine v Thomas, 28 Oh St 596,** to the effect that when a matter is finally determined in an action between the same parties by a competent tribunal, it is to be considered as at an end not only as to what was to be determined, but also as to every other question which the parties might have litigated in the case.

He also cites, among other cases, **Gilbert v Gilbert, 83 Oh St 265.** We may have occasion to refer to these cases later on.

**Sec. 11980 GC,** relating to divorce, provides in substance, that, actions for divorce or for alimony shall be brought in the county in which the plaintiff is or has been a resident for a certain time immediately preceding the filing of the petition. The court shall hear and determine the case.

**Sec. 11983** provides that when a defendant is a resident of this state the Clerk shall issue a summons directed to the sheriff of the county in which the defendant resides or is found, which together with the petition, shall be served.

**Sec. 11994** relates to alimony.

**Sec. 12137** provides that a person guilty of disobedience of or resistance to a lawful order, judgment or command of the court, may be punished as for contempt.

Courts have consistently held that a court having made an order for alimony may enforce the same by proper contempt proceedings. Both counsel state that they have been unable to discover any case in Ohio where the question has been determined as to whether or not a court which has granted a divorce and made a decree for alimony after service issued to a county in the state other than the county in which the divorce was granted, has jurisdiction over the recalcitrant defendant who is a nonresident of the county. One side asserts that no case may be found because it is so apparent that the court has no such jurisdiction, that there has never been an attempt to enforce it. The other side asserts that the right of the Court to summon a defendant from another county and punish him for contempt in the county where the divorce was granted, is so well established that no attorney has ever questioned that right. Whatever may be the reason for the dearth of authorities upon this point, we must determine the question from the principles announced in reference to divorce and alimony which do not involve the question of diversity of residence.

The most recent case that the court has found is **Holloway v Holloway, 130 Oh St 214,** where it is held that contempt proceedings lie against a husband for failure to pay alimony as provided in a separation agreement which is incorporated into and made a part of a divorce decree, which is the situation in the pending case. The decision is by Day, J., and we may cull the following principles: A decree allowing alimony is enforcible by proceedings in contempt. The court awarding alimony has inherent power to enforce payment by contempt proceedings. Citing 19 Corpus Juris, 282, Sec. 645, 646, and a number of cases cited by courts other than in Ohio.

Where a court, in its divorce decree, adopts the language of a separation agreement, it does not thereby reduce the status of the decree to that of a mere contract; while a contract may become a decree of the court, a decree of the court can not assume the status of a mere contract. The right to alimony does not arise from any business transaction, but from the relation of marriage. A contract to pay alimony can not be enforced by contempt proceedings, but when the contract is embodied in a decree it may be so enforced. An ordinary judgment at law does not order the defendant to pay anything. It simply adjudges the amount owing from the defendant to the plaintiff and remits the plaintiff to his ordinary remedies. An order to pay alimony **pendente lite** goes further, and is a direct command of the court

to the defendant to pay sums therein mentioned. This command it has been the practice of the court from time immemorial to enforce by proceedings as for contempt.

In the case of **Hassaurek v Markbreit, 68 Oh St 554,** Shauck, J., delivering the opinion of the Court, holds that the contract between the parties as to alimony may be carried into a decree of the court, thus becoming a perpetual obligation.

In **Cook v Cook, 66 Oh St 566,** it is held that a final money degree for alimony is not a debt within the purview of the constitutional inhibition against imprisonment for debt, but is such an order as may be punished as for a contempt on a wilful failure to comply with it. Spear, J., delivering the opinion of the Court, says in substance on page 572, that the obligation of the husband which is the basis of the court's action is not a debt in the sense of a pecuniary obligation; it arises from the duty which the husband owes as well to the public as to his wife. The withholding of the alimony by the husband when able to respond is a refusal to abide by and perform the order and decree of the court and it is difficult to see why such refusal should not be punished as a contempt for the same reason and on the same ground that orders and decrees of courts of equity in injunctions and like are in like manner enforced.

**Petersine v Thomas, 28 Oh St 596,** relied upon by the defendant is to the effect that when a matter is finally determined in an action between the same parties by a competent tribunal it is to be considered as at an end, not only as to what was determined but also as to every other question which the parties might have litigated.

After a suit for divorce and alimony has been finally determined by a court granting the divorce, and in lieu of alimony confirming an executed agreement, a new action for additional alimony can not be maintained,

"The court may, however, in the exercise of a sound discretion, grant the divorce, and make the alimony allowed payable in installments, and by continuing the alimony branch of the case, hold the purpose and the subject matter, by proper orders, so under its control, as to increase or diminish the allowance as equitable circumstances and justice shall require."

Counsel for defendant admits that if there were children involved in this case the court in Franklin County would have a continuing jurisdiction, or if the court in the entry itself had retained jurisdiction for future control of the alimony, that that could not be criticized. We fail to see any difference between the control of the alimony, if there were children, from that where there are no minor children. There is an implication always in cases of this nature that the court shall exercise a continuing jurisdiction, either to enforce or to modify its order for alimony. Circumstances may change so that the alimony allowed is too much, and the parties are at liberty to come into court and ask for a modification. If the party required to pay fails to do so, there is the right of the court continuously to use its power to force payment even though the defendant may not be a resident of the county of plaintiff.

It is stated and reiterated in the cases cited that a court has the right to enforce its decree for alimony by a proceeding in contempt. If this be true, the contempt must be against the order of the court punishing for contempt. Certainly in the present case the defendant is in contempt, if guilty as alleged, of the Court of Common Pleas of Franklin County and of no other county. If he can not be punished because the Franklin County Court has no jurisdiction, then he goes free, and all the machinery the purpose of which is to compel him to comply with the order of the court is utterly useless. He may escape the punishment of the court by simply retreating over a county line. This would be intolerable and in direct contradiction of what has long been considered to be the rule in the State of Ohio, and is constantly

practiced by the Courts of Common Pleas of the state.

Judgment of the court below affirmed. Cause remanded.

HORNBECK, PJ. & BARNES, J., concur.

## APPLICATION FOR REHEARING

No. 3237. Decided Nov. 7, 1940.

BY THE COURT:

This matter now comes before the Court upon the application for rehearing. The objections as set out in the application seem to be addressed to the form of the opinion rather than to the substance of the judgment.

We have carefully gone over all the matters presented. We have also re-read and restudied the opinion. There may be some inconsequential misstatements in the opinion, but it is not difficult to discern the questions that were being considered by the Court and were ultimately determined.

We do not believe that any good purpose would be served by granting the application, as counsel for appellant has not advanced anything in his application that would give us ground for receding from our former conclusion.

Application for rehearing denied.

HORNBECK, PJ., GEIGER & BARNES, JJ., concur.