**HOFFMAN v JOHNSTON et**

Ohio Appeals, 3rd Dist, Putnam Co

No 335. Decided Feb 27, 1941

M. A. Goller, Defiance; H. B. Mullholand, Defiance; E. F. Weiser, Ottawa, for plaintiff-appellee.

Unverferth & Unverferth, Ottawa; T. T. Shaw, Defiance; James Donovan, Jr., Napoleon; H. R. Dittmer, Napoleon, for defendants-appellants.

## OPINION

By GUERNSEY, J.

These are appeals on questions of law from a judgment of the Court of Common Pleas of Putnam County, Ohio, in an action pending therein wherein Edwin Hoffman, the appellee, was

plaintiff and Cash Johnston, Daniel Ryan and Walter N. Huber, the appellants, were defendants.

Plaintiff filed his petition in the Court of Common Pleas on May 19, 1939, and caused summonses to be issued thereon as follows: For the defendant Cash Johnston, to the sheriff of Putnam Co.; for the defendant Daniel Ryan, to the sheriff of Defiance Co.; and for the defendant Walter N. Huber, to the sheriff of Henry County. The respective summonses were thereafter served in the several counties by the designated officers.

On June 6, 1939, the defendant Walter N. Huber filed a motion to quash the service of summons made upon him by the sheriff of Henry County, upon the ground that the court had no jurisdiction over him.

Upon hearing, this motion was granted by the court on June 26, 1939, by the court finding that the defendant Walter N. Huber at the time of the service of summons was a resident of Henry County, Ohio, and that the service of summons upon him in Henry County was irregular, and granted plaintiff leave to file amended petition and procure new service thereon if he so desired.

On the same date, the defendant Cash Johnston and Daniel Ryan filed a general joint demurrer to the petition.

On July 21, 1939, the plaintiff filed an amended petition and caused summonses to be issued thereon for the several defendants in the same manner and to the same officers to whom the several summonses on the original petition had been issued, and these summonses were served in the same manner as the summonses on the original petition.

Plaintiff's amended petition, omitting the caption, signature and oath, is in the words and figures following, to-wit:

"Plaintiff for this his cause of action against said defendants, says:

"That he is a duly licensed real estate broker under the laws of the State of Ohio and at all times mentioned, in this petition, he was a real estate agent or broker, with an office or place of business in the City of Defiance, County of Defiance, and State of Ohio.

"That on or about the 1st day of January, 1939, the defendant Walter N. Huber; by a verbal agreement employed this plaintiff to find a purchaser for the north half of the northwest quarter of Section twenty-five, and about twenty-six acres out of the southwest quarter of Section twenty-four in Richland Township, Defiance County, in the State of Ohio, which lands at that time belonged to the defendant, Walter N. Huber.

"That in and by the terms of said agreement, plaintiff was to receive five per cent by way of brokerage or commission upon the purchase price paid or to be paid for said real estate;

"That plaintiff accepted said employment and on or about the 10th day of January, 1939, found, produced and presented to the defendant, Walter N. Huber a purchaser, ready, able and willing to purchase said real estate, to-wit: Urban A. Pahl of Defiance, Ohio.

"That on or about the 10th day of February, 1939, the exact date being unknown to this plaintiff, the defendants, Cash Johnston and Daniel Ryan came to the purchaser and prospect of this plaintiff, and represented to him that they could purchase this farm at a lower price than he, the said purchaser would be obliged to pay if he completed the purchase through this plaintiff, but that in order to make the purchase at a lower price, it would be necessary to use the name of some other person as a purchaser and suggested the name of Russell Lamb a mutual friend and relative by marriage to the purchaser, Urban A. Pahl.

"That a contract of purchase was made and entered into by the defendant, Walter N. Huber and said Russell Lamb whereby said Walter N. Huber agreed to sell said real estate for the sum of $15,000.00, which contract and agreement to purchase was immediately assigned to Urban A. Pahl, by said Russell Lamb and the purchase price for said real estate was all paid to the de-

fendant, Walter N. Huber, by the said Urban A. Pahl, and the said Cash Johnston, Daniel Ryan and Walter N. Huber all knew at the time that said Urban A. Pahl was in fact the purchaser and that said Russell Lamb was not a real estate agent or broker, was not a prospect for the purchase of a farm, and was not able, willing or ready to purchase said real estate.

"That said defendants Cash Johnston, Daniel Ryan and Walter N. Huber, were told by this plaintiff before the transaction was closed, that the purchaser was in fact Urban A. Pahl, and that this plaintiff was entitled to a five per cent brokerage or commission upon the purchase price and a demand was made upon the defendant, Walter N. Huber to permit the purchaser to withhold the sum of $750.00 to be deposited or held by a bank, individual or trust company to be paid to whoever might be found to be entitled thereto but that said defendants failed and refused and demanded of said purchaser the full purchase price out of which a brokerage or commission was paid to the defendants, Cash Johnston and Daniel Ryan, which this plaintiff has been told and believes the fact to be, was less than the amount said defendant Walter N. Huber agreed to pay to this plaintiff.

"That the deed for said real estate was made and delivered direct to Urban A. Pahl and not to any person or purchaser produced or procured by the defendants, Cash Johnston and Daniel Ryan.

"Plaintiff further says that said defendants all knew before the sale of said real estate was completed that it was being sold to the purchaser procured by this plaintiff and that this plaintiff was entitled to a brokerage or commission of five per cent upon the purchase price and although demand was made upon each and all of said defendants, before the delivery of the deed to the purchaser and since the transaction was closed, they have failed and refused to pay any brokerage or commission to this plaintiff.

"That by reason of the facts stated herein, which plaintiff believes to have been a scheme or conspiracy to sell said real estate to the purchaser procured by this plaintiff, and for the purpose of relieving the defendant Walter N. Huber from paying the full commission or brokerage agreed upon, that this plaintiff has been cheated or defrauded out of the sum of $750.00, which he is entitled to receive, a part of which plaintiff has been advised has been paid to the defendants Cash Johnston and Daniel Ryan.

"Wherefore plaintiff prays for a judgment against the defendants Cash Johnston, Daniel Ryan and Walter N. Huber and for the sum of $750.00 with interest thereon from March 1st, 1939, for his costs taxed and to be taxed herein and for such other and further relief as he may be entitled to."

On August 1, 1939, the defendant Walter N. Huber filed a motion to quash the service of summons made upon him by the sheriff of Henry County, in said county, upon the amended petition, upon the ground that the defendant was a resident of Henry County and the court had no jurisdiction over him.

On Setpember 18, 1939, hearing was had on this motion to quash, and the same was overruled. Hearing was had at the same time on the demurrer filed by the defendants Cash Johnston and Daniel Ryan to the original petition which was apparently treated as a demurrer to the amended petition, and the same was overruled.

Following these actions by the court the defendant Walter N. Huber filed his answer to plaintiff's amended petition which, omitting the caption, signature and oath, is as follows, to-wit:

"Now comes the defendant, Walter N. Huber, and for answer to the plaintiff's amended petition, says that he does not now reside in the county of Putnam, Ohio, and that he has never resided in said County of Putnam, Ohio; that he was, at the time of service of summons upon him by the sheriff of Henry County, Ohio, and

long prior thereto, and ever since that said time, and still is, a resident of Henry County, Ohio, and that this court has no jurisdiction of this defendant.

"Second Defense.

"For a second defense to plaintiff's amended petition, the defendant adopts all of the allegations in the first defense above set forth the same as if rewritten herein, and says that he denies each and every statement and averment contained in plaintiff's amended petition.

"Wherefore this defendant prays that plaintiff's amended petition be dismissed against this defendant, and that he recover his costs herein expended."

Plaintiff thereafter filed this motion to strike from this answer, which motion, omitting the caption and signature, is as follows:

"Now comes the plaintiff and moves the court for an order to strike from the answer of the defendant, Walter N. Huber, all of the first paragraph thereof which has been designated as First Defense, for the reason that the statements contained therein do not constitute a defense and the same question was heretofore presented to the court by said defendant and passed upon both in overruling the motion of the defendant, Huber and in the general demurrer filed by the other defendants.

"Plaintiff also moves the court for an order to strike from the second paragraph of the answer of the defendant Walter N. Huber, the words 'the defendant, adopts all of the allegations in his first defense above set forth as if rewritten herein'."

Upon hearing the motion the court found that the same was well taken and granted the same, ordering defendant to strike from his answer the parts thereof designated in the motion, which the defendant Huber did accordingly.

The defendants Cash Johnston and Daniel Ryan filed their joint answer to the petition, in which they admitted that plaintiff is a duly licensed broker under the laws of the State of Ohio, with his offices and place of business in the City of Defiance, Ohio, and further admit that a contract of purchase was made and entered into by the defendant Walter N. Huber and said Russell Lamb whereby said Walter N. Huber agreed to sell the real estate described in the amended petition for the sum of $15,000.00, which contract and agreement to purchase was assigned to Urban A. Pahl, by said Russell Lamb and the purchase price for said real estate was all paid to the defendant, Walter N. Huber, by the said Urban A. Pahl, and denying all other matters and things contained in the amended petition of plaintiff.

No further pleadings were filed by any of the parties and the cause was submitted to the court and a jury upon the pleadings and the evidence.

Before the jury was impaneled the defendant Huber, through his counsel, objected in open court to the jurisdiction of the court over him and requested that the record show a continuous objection to the case on trial, and renewed this objection after the jury was impaneled and before any evidence had been submitted. At the same time, he made a motion that the defendant Huber be discharged for the reason that there was no cause of action against him.

The court overruled the motion but made no rulings on the objections to the jurisdiction, but continued with the trial which had the legal effect of overruling the objections.

At the close of plaintiff's evidence, counsel for defendant Huber moved the court to dismiss the action as against the defendant Huber for the reason that the court had no jurisdiction over the person of said defendant, and asked that the jury be instructed to return a verdict in favor of the defendant Huber dismissing him. The court reserved decision on this motion until after the jury returned its verdict, to which ruling the defendant Huber excepted.

At the same time, counsel for defendants Johnston and Ryan moved

that the court instruct the jury that there had been no conspiracy shown and that there had been no damage as against Johnston and Ryan. The court overruled this motion, to which action exceptions were taken by counsel for defendants Johnston and Ryan.

The motion of the defendant Huber made at the close of plaintiff's evidence was renewed at the close of defendants' evidence, was overruled and exceptions taken; and the motion of the defendants Johnston and Ryan, made at the close of plaintiff's evidence, was renewed at the close of defendants' evidence, was overruled and exceptions taken. No rebuttal being offered, both said motions were again renewed, were overruled and exceptions taken.

The jury returned a verdict in favor of the plaintiff against all the defendants in the sum of $400. A motion for new trial was filed by the defendant Huber and a joint motion for a new trial was filed by the defendants Johnston and Ryan. These motions were overruled and judgment was then entered upon the verdict. It is from this judgment that the defendant Huber perfected his separate appeal and the defendants Johnston and Ryan perfected their joint appeal.

The errors assigned and argued by the appellants in the joint brief filed by them, are as follows:

1. Error in overruling motion of defendant Huber to quash the service of summons upon him issued upon the amended petition.

2. Error in the overruling of the motions made by defendants at the close of all the evidence for the direction of a verdict in their favor.

3. Error in the refusal of the court to submit to the jury interrogatories numbers 1 and 2 as requested by the defendant Huber.

4. Error in the general charge of the court.

5. Error in admission of evidence.

6. Error of the court in overruling motions for new trial upon the ground that the verdict is not sustained by sufficient evidence and is against the weight of the evidence.

So far as is essential to the decision of the appeals the assigned errors will be considered in the order mentioned, together with much of the evidence in the case as it is essential to consider in connection with the particular assignment.

**1. Error in overruling motion of defendant Huber to quash the service of summons upon him issued upon the amended petition.**

It will be noted that the action was brought and the amended petition was filed in the Court of Common Pleas of Putnam County and summons thereon issued for Huber, one of the joint defendants to the sheriff of Henry County.

As shown by the record, the defendant Huber was a resident of Henry County and the service of summons on the amended petition which was sought to be quashed on Huber's motion, was made upon him by the sheriff of Henry County, in that county.

"In order to give the court of common pleas jurisdiction over joint defendants who are non-residents of the county where suit is brought, and for whom summons has been issued to the county of their residence, the averments of the petition and the proof on the trial must establish a valid joint cause of action against a resident defendant and against such non-resident defendants." **Agricultural Society v Brenner, 122 Oh St 561. Gorey v Black, 100 Oh St 73.**

We must therefore examine the amended petition to determine whether it states such a joint cause of action.

An examination of the amended petition discloses an attempt to state a joint cause of action against the defendants, based on conspiracy but there are no allegations of any facts showing any privity between the plaintiff Hoffman and the defendant Johnston or between the plaintiff Hoffman and the defendant Ryan as to the subject matter of plaintiff's claim; and

there are no allegations of any facts showing that plaintiff had any interest in or lien on any part of the proceeds of the sale of the real estate mentioned in the petition or any interest in or lien upon the commission for the sale of said real estate which plaintiff alleges was paid to defendants Johnston and Ryan, or of the appropriation by any of the defendants of any funds belonging to plaintiff pursuant to the alleged conspiracy; and there are no allegations of any facts showing any acts on the part of any of the defendants pursuant to the alleged conspiracy which have prevented plaintiff from in any way proceeding against the defendant Huber alone in the manner provided by law for the collection of his claim and the enforcement of any judgment he might obtain thereon against him; and there are no allegations of any facts showing any causal connection between the acts of the defendants and the damages claimed to have been sustained by plaintiff. To sum it up, there are no allegations of any facts showing that the plaintiff has been deprived of his legal rights or damaged in any way by any of the acts alleged to have been done by any of the defendants pursuant to the alleged conspiracy.

No civil action lies against any one for conspiracy unless something is actually done by one or more of the conspirators pursuant to the scheme and furtherance of the object which act results in damage. The gist of the action is the damage and not the conspiracy, and the damage must appear to have been the natural and proximate consequence of the defendant's act. 12 C. J., Conspiracy, Section 100, pages 581, 582, 587. **Toledo Electric Street Railway v Toledo Consolidated Street Railway, 10 C. C. 597; 5 Cir. Dec. 11;** Bates Pleading and Practice, Vol. 2, page 1237. **Chapman v Lee, 45 Oh St 356.**

Examining the amended petition in the light of this rule and giving the allegations thereof the most liberal construction, the petition merely states a cause of action in favor of the plaintiff and against the defendant Huber on contract for commission on the sale of real estate and does not state a cause of action in conspiracy or otherwise against either the defendant Johnston or the defendant Ryan, or any joint action in conspiracy or otherwise against any of the defendants.

This being the case, under the rule announced in the case of **Agricultural Society v Brenner, 122 Oh St 561,** above referred to, the Court of Common Pleas of Putnam County acquired no jurisdiction over the person of the defendant Huber through the issuance by it of summons on the amended petition for the defendant Huber, to the sheriff of Henry County, and the service thereof by said sheriff on the defendant Huber, in Henry County, Ohio, and the court erred in overruling the motion of defendant Huber to quash such service upon the grounds set forth in his motion.

This error requires reversal of the judgment appealed from against the defendant Huber unless the court subsequently and before the entry of the judgment appealed from acquired jurisdiction of his person, so it is essential to consider the subsequent actions of the defendant Huber in the case to determine whether the court thereby acquired jurisdiction over his person.

Huber's first subsequent action in the case was the filing of an answer in which, in his first defense, he pleaded the facts showing that the court had no jurisdiction over him, and the legal conclusion of want of jurisdiction from such facts; and in the second defense again pleaded such facts, together with a general denial of the allegations of the petition.

The overruling of a motion to quash service of summons is not a final order from which an appeal will lie. **Wolf, appellee v Western & Southern Life Insurance Company, appellant, 59 Oh Ap 238.**

Such order being merely an interlocutory order which the trial court might modify or reverse at any time during the pendency of the case did not preclude the defendant Huber from in any way re-asserting his objection to the jurisdiction of the court over him. **Smith v Freshwater, et al, 4 Oh Ap 335.**

Where a defendant has made objection to the jurisdiction of the court over his person by way of motion to quash service of summons upon him, he is not bound, on the overruling of such motion, to rely upon it at his peril, but may in his answer reassert it, and make a full defense without waiving such objection. **Peerless Corporation v Taylor et, 52 Oh Ap 548.**

The defendant Huber therefore had the legal right to plead in his answer the want of jurisdiction of the court over his person notwithstanding the overruling of his motion to quash the service of summons, and also had the right, upon pleading such want of jurisdiction over his person, to plead a full defense without waiving such objection, and the court therefore erred in sustaining the motion to strike from his answer.

The sustaining of this motion to strike out the defense going to the regularity of service and the jurisdiction of the court over his person did not constitute a final order and consequently did not preclude the defendant Huber from reasserting his objection to the jurisdiction of the court over him. **Equitable Securities Company v McDonald et, 14 Oh Ap 56.**

This the defendant Huber proceeded to do at every available opportunity thereafter. As shown by the record, the defendant Huber made objection to the jurisdiction of the court over his person, by way of motion to quash service of summons at the first opportunity, and reasserted said objection by way of answer at the first opportunity thereafter. and continued thereafter to reassert said objection upon each and every occasion he had opportunity to do so during the trial of the cause, and did nothing that in any way constitutes a waiver of such objection.

This being the case, the court never acquired jurisdiction over him and had no jurisdiction to render a judgment against him. For this reason the judgment against the defendant Huber will be reversed and final judgment entered in his favor, at costs of plaintiff-appellee.

As the judgment against the defendant Huber is reversed and final judgment entered in his favor upon the sole ground of want of jurisdiction of the court over his person, the plaintiff will not be precluded by the judgment of this court herein from proceeding upon his claim against the defendant Huber in a proper court acquiring jurisdiction of his person.

**2. Error in the overruling of the motions made by the defendants at the close of all the evidence, for the direction of a verdict in their favor.**

As noted in the consideration of the first assignment of error, the amended petition did not state a cause of action against the defendants Johnston and Ryan or either of them. The court therefore erred in overruling their demurrer to the amended petition.

An examination of the record discloses that the issues between the plaintiff and each of these defendants arising from their denial in their joint answer, of the allegations of the amended petition, were not in any way added to or enlarged by the evidence submitted, so as shown by the record there is no pleading or proof of any cause of action on the part of the plaintiff against them or either of them, and the court erred in overruling the motions made by them for the direction of a verdict in their favor.

For this error the judgment against the defendants Johnston and Ryan will be reversed and final judgment rendered in their favor, at costs of plain-

tiff-appellee, and the cause remanded for execution.

As the decision of the court on the first two assignments of error disposes of the entire case the other assignments will not be considered.

KLINGER, PJ., and CROW, J., concur.