HOUSE, APPELLEE, *v.* LANO, APPELLANT, ET AL.

(No. 633—Decided October 2, 1950.)

*Mr. Edward W. Rhode, Jr.,* for appellee.

*Messrs. Schwer & Moore* and *Messrs. Moon & Wilber,* for appellant.

CARPENTER, J. The plaintiff, a resident of Clyde in Sandusky county, Ohio, was injured in Clyde in the course of his employment upon a scaffold erected by defendant William Lano, a resident of Ottawa county, who was a subcontractor on the general construction work on which plaintiff was employed.

Plaintiff commenced this action for damages for his injuries in the Court of Common Pleas of Erie County. The record shows that two summonses were issued upon plaintiff's petition to the sheriff of Erie county and returned, "not found." On a second alias summons, the sheriff's return shows personal service on William Lano on January 24, 1950, and no evidence was presented disputing that record. This being a transitory action, the court had jurisdiction of the subject of the action and, on that summons, of the person of the defendant.

On March 24, 1950, plaintiff filed a motion stating that William Lano died on January 28, 1950, and that Jane M. Lano was the duly appointed administratrix of his estate. Plaintiff moved that the action be revived against her. A conditional order of revivor was entered ordering the administratrix, within 15 days of service of the order, to appear and show cause why the action should not stand revived.

On plaintiff's praecipe, the sheriff of Ottawa county was ordered to serve a copy of the order upon the administratrix, which was done March 29, 1950.

She filed a motion to quash service of the order "for the reason that the service of said order was not made in the manner provided or by any authority under the

law.'' That motion was overruled, and from that order this appeal on questions of law was taken.

In this court, a motion to dismiss the appeal was filed ''on the grounds that the order appealed from is not a final order within the meaning of Section 12223-2, General Code.''

That the overruling of an order to quash summons is not a final order from which an appeal lies was decided in *Wolf* v. *Western & Southern Life Ins. Co.,* 59 Ohio App., 238, 17 N. E. (2d), 438, and that decision was followed in *Tonio* v. *Lett & Co.,* 65 Ohio App., 304, 29 N. E. (2d), 814, and *Hoffman* v. *Johnston,* 68 Ohio App., 19, 36 N. E. (2d), 184. See, also, *Sherwood* v. *Sherwood,* 66 Ohio App., 183, 32 N. E. (2d), 563. To these decisions this court will add its voice of approval, and this appeal will be dismissed.

It is also pointed out to the court that an order of revivor is not a final order from which an appeal may be taken. *Squire, Supt. of Banks,* v. *Guardian Trust Co.,* 147 Ohio St., 1, 68 N. E. (2d), 312. To this decision Judge Turner wrote a vigorous dissent, in which Judges Matthias and Hart concurred. In *Ewers* v. *Coldren,* 151 Ohio St., 193, 85 N. E. (2d), 107, the same question was before the court and Judges Turner, Matthias, and Hart said they were of the opinion expressed in that dissent, but, on the doctrine of *stare decisis,* they believed, on the procedural question, the law should be regarded as settled, and *Squire, Supt. of Banks,* v. *Guardian Trust Co.,* was followed.

If the order of revivor was an interlocutory one, the notice issued upon it certainly was.

*Appeal dismissed.*

CONN and FESS, JJ., concur.