Day, J.
 

 The sole question presented for our determination is whether contempt proceedings lie against a husband for failure to pay alimony in the amounts provided for in a separation agreement, which separation agreement is incorporated into and made a part of the decree of court.
 

 A decree allowing alimony is enforcible by proceedings in contempt. The court awarding alimony has inherent power to enforce payment by contempt proceedings. 19 Corpus Juris, 282, Sections 645 and 646;
 
 Van Dyke
 
 v.
 
 Van Dyke,
 
 125 Ga., 491, 54 S. E., 537;
 
 O’Callaghan
 
 v.
 
 O’Callaghan,
 
 69 Ill., 552;
 
 State, ex rel. Bordeaux,
 
 v.
 
 Second Judicial District, 31
 
 Mont., 511, 79 P., 13;
 
 In re Cave,
 
 26 Wash., 213, 66 P., 425, 90 Am. St. Rep., 736.
 

 There are some authorities holding that an agreement to pay alimony, although embodied in the decree for divorce, can not be enforced by contempt proceed
 
 *216
 
 ings where the court had no authority to award alimony.
 
 Glynn
 
 v.
 
 Glynn,
 
 8 N. D., 233, 77 N. W., 594. However, where the court has such authority, the agreement will be enforced by contempt proceedings.
 

 The problem here presented is not the enforcement of an agreement by contempt proceedings, but rather the enforcement by contempt proceedings of a decree which has incorporated therein an agreement to pay alimony. The distinction is important. A decree is valid as such regardless upon what it may be grounded. There is nothing in the law to render a decree invalid or ineffectual merely because it is predicated upon an agreement of separation, which agreement is incorporated bodily in the decree. A decree which incorporates an agreement is a decree of court nevertheless, and as soon as incorporated into the decree the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforcible as such.
 

 A decree granting divorce and awarding alimony is an order of court in the enforcement of which the public has a vital interest. An alimony obligor is not exempt from the operation of the decree by reason of the separation agreement. To hold otherwise would be to reduce the status of a divorce and alimony decree to that of a commercial transaction. Marriage, however, is not a matter of commerce, nor is it merely a contract between the parties. Marriage is a basic social institution of the highest type and importance, in which society at large has a vital interest.
 

 Where a court, in its divorce decree, adopts the language of a separation agreement, it does not thereby reduce the status of the decree to that of a mere contract. While a contract may become a decree of court, a decree of court can not assume the status of a mere contract. The right to alimony does not arise from any business transaction, but from the relation of marriage. It is not founded on contract, express or
 
 *217
 
 implied, but on tbe natural and legal duty of tbe husband to support bis wife. It is tbe law rather than contract wbicb imposes this obligation upon tbe bus-band.
 

 In tbe instant case tbe Common Pleas Court did more than merely confirm tbe agreement between tbe parties. It incorporated tbe agreement into tbe decree and made it an order of court.
 

 It is true that a mere contract to pay alimony can not be enforced by contempt proceedings. But, as we stated above, in tbe instant case it is not tbe contract wbicb is sought to be enforced, but tbe decree of court. Consequently, tbe inquiry is not whether tbe alimony obligor has paid tbe amounts provided for in tbe contract but whether be has paid tbe amounts ordered by decree of court. Tbe husband’s obligation to pay rests upon tbe decree.
 

 Another contention made is that tbe award of alimony is in tbe nature of a debt, and can not be enforced by imprisonment. However, an alimony award is not a money judgment; nor is it in tbe nature of a business debt. Though it is an obligation imposed upon tbe husband, it is not such as may be characterized as a “debt” within tbe prohibition against imprisonment for debt. Consequently, tbe allowance of an alimony award may be enforced by proceedings in contempt and tbe recalcitrant may be punished by fine and imprisonment without violating tbe prohibition of imprisonment for debt.
 
 State, on Complaint of Cook,
 
 v.
 
 Cook,
 
 66 Ohio St., 566, 58 L. R. A., 625, 64 N. E., 567.
 

 A distinction may be drawn between ordinary judgments and an order for tbe payment of alimony. “An ordinary judgment at law does not order tbe defendant to pay anything. It simply adjudicates tbe amount owing from defendant to plaintiff and remits the plaintiff to bis ordinary remedies by execution or otherwise to enforce payment. On tbe other hand, an order to pay alimony
 
 pendente lite,
 
 though partak
 
 *218
 
 ing also, of the nature of a judgment * * *, goes further, and is a direct command of the court to the defendant to pay the sums therein mentioned. This command it has been the practice of courts from time immemorial to enforce by proceedings for contempt; * * ’’
 
 Fowler
 
 v.
 
 Fowler,
 
 61 Okla., 280, 161 P., 227, L. R. A. 1917c, 89. See, also, 2 Schouler on Marriage, Divorce, Separation and Domestic Relations (6th Ed.), 1998, Section 1835.
 

 Holding as we do, the judgment of the Court of Appeals of Crawford county is hereby affirmed.
 

 Judgment affirmed.
 

 Weygandt, C. J., Stephenson, Williams, Jones, Matthias and Zimmerman, JJ., concur.