Weygandt, C. J.
Was the trial court correct in sustaining the “demurrer” to the plaintiff’s petition?
The sole question of law involved is clear and simply stated.
In an action for a divorce and alimony, is a decree subject to modification after term with respect to a contract for alimony and division of property where the court incorporates the contract in its decree and does not reserve jurisdiction with reference thereto?
At the threshold of this discussion, it perhaps is well to simplify the controversy by emphasizing that certain questions are not involved.
It does not involve an order for the support of minor children. Seitz v. Seitz, 156 Ohio St., 516, 103 N. E. (2d), 741.
It does not involve an order for alimony pendente lite for the spouse.
It does not involve a decree in which the trial court reserves jurisdiction with reference to the amount of the alimony.
It does not involve the jurisdiction of the trial court to enforce its decree. Holloway v. Holloway, 130 Ohio St., 214, 198 N. E., 579, 154 A. L. R., 439.
Nor does it involve a claim of mistake, misrepresentation or fraud.
There seems to be some difference of opinion between counsel as to whether the agreement between the parties relates to alimony alone or only to a division of property. A study of' the agreement and the original decree discloses conclusively that both are involved, and in the present action the trial court so considered the matter.
In her present petition for modification of the amount of the alimony, the plaintiff bases her claim for relief on alleged changes in her circumstances and those of her former husband during the 19-year inter *249 val between the granting- of the decree and the filing of the instant petition.
Counsel are in agreement that the provisions of Section 11631, General Code (Section 2325.01, Revised Code), relating to the modification and vacating of judgments, decrees and final orders after term, are not here involved. It is the plaintiff’s contention that, independently of these statutory provisions, the trial court possesses inherent power to modify such decrees.
The plaintiff relies strongly on the decision of this court in the case of Olney v. Watts, 43 Ohio St., 499, 3 N. E., 354, in which it was held in the first paragraph of the syllabus:
“1. A party to a decree for alimony may, by an original petition and suit, obtain a modification of such former decree, upon proper allegations of the changed condition and circumstances of the parties.”
The defendant places his reliance on the decision of this court in the later case of Law v. Law, 64 Ohio St., 369, 60 N. E., 560, in which it was held in the syllabus:
“A divorce being decreed for the aggression of the husband, and alimony being adjudged to the wife in accordance with an agreement of the parties, the terms of the decree as to alimony are not, if unaffected by fraud or mistake, subject to modification upon a petition filed by the former husband after the term at which the original decree was made.”
A study of the two decisions readily discloses the distinction between them; and it solves the present problem.
The Olney case, supra, came to this court on a demurrer to the petition for modification. In the opinion, Atherton, J., made the following comment:
“If the decree, as to the amount of alimony to be paid to the defendant, was the result of an agreement of the parties, and simply confirmed by the court, and *250 that appeared by the direct averments of the petition, we would not say that the court erred in sustaining the demurrer. But this nowhere appears by direct averment.”
Hence, the question there presented was not the one here involved. This distinction is emphasized in the per curiam opinion in the Law case, supra, as follows:
‘ ‘ The view presented by counsel for the plaintiff in error is that the terms of the original decree, not being affected by fraud or mistake, were conclusive upon the subject of alimony and not subject to modification for any reason. Since no question was reserved by the decree for future consideration, that view receives strong support from Petersine v. Thomas, 28 Ohio St., 596, and from the general course of decisions upon the subject. Authority for the subsequent modification of the decree is, however, said to be found in the later case of Olney v. Watts, 43 Ohio St., 499. In that case there had been a divorce because of the wife’s aggression, and the holding was that the decree as to alimony, so-called, might be modified upon the petition subsequently filed by the husband for that purpose. If it be assumed that the case was correctly decided, it affords no warrant for the present judgment, for it concedes that where the terms of a decree as to alimony are fixed by the, court pursuant to an agreement of the parties they are not subject to modification.”
Clearly the trial court was correct in holding that the decision in the Law case, supra, is dispositive of the instant controversy, and this court finds no cogent reason for departing from the settled principle there stated. The parties voluntarily entered into a valid contract without mistake, misrepresentation or fraud. At their instance the agreement was submitted to the court and was duly approved. It properly was incorporated into the decree, and plain justice would seem *251 to require that it be considered as binding both parties thereto.
The judgment of the Court of Appeals is reversed and that of the trial court affirmed.

Judgment reversed.

Middleton, Taft, Hart, Zimmerman, Stewart and Lamneck, JJ., concur.