Appellant Kimberly McLaughlin appeals the trial court's decision which held that it lacked jurisdiction to award post degree spousal support and that appellee James Cotner had substantially complied with the 1983 divorce decree's order requiring him to sell the marital home. McLaughlin assigns the following errors for our review:
 I. THE TRIAL COURT ERRED IN HOLDING THAT THE COURT LACKED POST-JUDGMENT SUBJECT MATTER JURISDICTION TO AWARD PLAINTIFF SPOUSAL SUPPORT.
 II. THE TRIAL COURT ERRED IN DENYING PLAINTIFF'S REQUEST FOR POST-JUDGMENT RELIEF BASED ON DEFENDANT'S WILLFUL REFUSAL TO SELL THE MARITAL HOUSE.
Having reviewed the record and legal arguments of the parties, we affirm the decision of the trial court. The apposite facts follow.
The trial court granted a divorce to the parties in 1983 pursuant to the parties' separation agreement. The separation agreement did not retain jurisdiction in the trial court to grant post decree spousal support. However, it did provide that an award of spousal support could be made if either party attempted or succeeded to discharge any of the obligations assigned by the separation agreement in bankruptcy, a wage earners plan, or insolvency proceeding, whether voluntary or involuntary. Nevertheless, the order did not grant support to either party.
The separation agreement also set out the terms of the property division, including the marital residence. The marital residence, located at 7145 Barton Road, North Olmsted, Ohio, was titled in the names of both parties. James Cotner assumed the responsibility and liability of all expenses, taxes, and assessments due on the home. He is responsible for the balance on the mortgage. The balance, at the time of the divorce, was $109,000. He was to indemnify and hold Ms. McLaughlin harmless from all liability on the mortgage. He also agreed to guarantee and pay Ms. McLaughlin the amount of any and all claims that she may be assessed regarding the outstanding balance on the mortgage, including legal fees and costs. The property was free of all encumbrances and liens except the mortgage.
Mr. Cotner was given the exclusive right to occupy and possess the home until it was sold. The home was to be immediately placed on the market and was to remain there until it was sold. The sale price was initially set at $149,900. The agreement further states that the court will set a price for the home if the parties cannot agree to one. The record does not contain a real estate appraisal on the home. It does contain a tax assessment.
Both parties filed motions to hold the other in contempt for refusal to cooperate with the sale of the home. In his motion, Mr. Cotner alleged Ms. McLaughlin will not cooperate with real estate agents. He maintained she refuses to lower the selling price of the home. He argued that this is the reason the house has not sold. Also, Mr. Cotner has offered to buy her interest in the property. Ms. McLaughlin has refused his offer. She feels the price he has offered is too low. In her motion, Ms. McLaughlin alleged that Mr. Cotner is refusing to sell the home.
On March 10, 1997, Ms. McLaughlin filed an additional motion to award spousal support. She argues that she filed for bankruptcy in 1995 which invoked the court's jurisdiction to award her spousal support under the separation agreement.
A hearing on the motions was held on October 9, 1997. A transcript of the proceedings was not filed. The court denied Ms. McLaughlin's motion for spousal support. It ruled that it lacked jurisdiction to modify the 1993 divorce decree. It also found that Mr. Cotner had substantially complied with the separation agreement. The court determined that Ms. McLaughlin's refusal to lower the asking price caused the home not to be sold. It ordered Ms. McLaughlin to select a realtor agreeable to Mr. Cotner and to have the home placed on the market again at an agreed upon price.
In her first assigned error, Ms. McLaughlin argues the trial court erred in holding it lacked subject matter jurisdiction to hear her application for spousal support based on the court's final judgment reserving jurisdiction. Ms. McLaughlin's belief that the court retained jurisdiction is based on a misinterpretation of the application of the law to the facts of this case demonstrates that the court did not retain jurisdiction over spousal support in the manner that she believes. Ms. McLaughlin believes the trial court retained jurisdiction over spousal support because of the following language located in Article 11 of the separation agreement:
 [S]hould either attempt or succeed to discharge in any bankruptcy, wages earners plan, or insolvency proceeding, whether voluntary or involuntary, any of the obligations set forth in articles 2, 3, 4, 7, 9, 10, 11, 12, 14 or 15, the parties agree that the Trial Court shall specifically have jurisdiction to make further award of spousal support to either party.
She cites a number of cases for the proposition that a court retains jurisdiction over spousal support even though it does not include the retention language in the divorce decree. See Harbertv. Harbert (November 1, 1995), Greene App. No. 95 CA 41, unreported; Tomovcik v. Tomovcik (January 22, 1997), Jefferson App. No. 95-JE-22, unreported; and Aylstock v. Bregenzer (June 29, 1994), Montgomery App. No. 14325, unreported. R.C. 3105.18(E) governs awards of spousal support. It provides that awards of spousal support in a divorce decree cannot be modified unless the court determines that the circumstances of either party have changed and the decree or separation agreement specifically authorizes the court to modify the alimony or spousal support. InAlystock v. Bregenzer, supra, the court interpreted R.C.3105.18 (E) in the following manner:
 Although R.C. 3105.18(E) does not expressly provide for the modification of spousal support when no spousal support has been ordered initially in the divorce decree, it does not expressly prohibit a modification under those circumstances. Where the trial court has reserved jurisdiction of a reasonable period of time to modify spousal support if its projection of earning ability should prove to be erroneous in light of the changed circumstances inherent in actual subsequent experience, we conclude that it is consistent with the purposes underlying the statute to permit a modification allowing spousal support when a satisfactory showing of changed circumstances has been made.
Id. Ms. McLaughlin correctly reads this case as ruling that spousal support can be awarded at a later date even if it was not granted in the original action for divorce. However, she ignores the provision, which is also contained in the statute, that the court must specifically retain jurisdiction over spousal support in order to modify it later. In both Tomovcik and Aylstock, the trial court determined an award of spousal support was not warranted at the time of the decree. They went on to rule that jurisdiction would be retained. In Aylstock, the court specifically stated "this Court shall retain jurisdiction to modify this matter for a period of thirty-six months from the date of filing this decree." Id. This statement makes it clear that the court determined that the award of spousal support was not final but subject to change. Similarly, the court in Tomovcik
retained jurisdiction until the emancipation of the parties' youngest child. These courts clearly retained jurisdiction over spousal support.
The trial court in Harbert, the other case cited by. Ms. McLaughlin, determined that neither party would receive spousal support. Again, unlike the case sub judice, the divorce decree did make a specific order regarding spousal support. It ordered that none was warranted. Mrs. Harbert appealed citing error because the court failed to award spousal support and to retain jurisdiction over the award. The court of appeals remanded the case because the trial court failed to explain its reasons for not awarding spousal support or retaining jurisdiction. It found that it could not review the trial court's actions for abuse of discretion without an explanation for its actions. It did not pronounce a blanket ruling that it is error for a trial court not to award spousal support or to fail to retain jurisdiction. Indeed, the rule is that courts are not required to retain jurisdiction to modify spousal support. Fausey v. Fausey (October 13, 1995), Montgomery App. No. 14673, unreported.
Moreover, in the cases cited by Ms. McLaughlin, the parties did not enter into a separation agreement. Ms. McLaughlin and Mr. Cotner voluntarily "forever and unconditionally waived their right to any spousal support which may be due from each other" under the separation agreement. Separation Agreement, Article 11, p. 10. R.C. 3105.06 permits parties to enter into separation agreements. If parties to a divorce action enter into a separation agreement, the agreement becomes a binding contract.Greiner v. Greiner (1979), 61 Ohio App.2d 88, citing Tullis v.Tullis (1941), 138 Ohio St. 187. The parties removed the court's discretion by voluntarily agreeing to forego any right they may have had to spousal support. The court was without power to make any determination regarding spousal support:
 This rule of finality of judgments is especially applicable to divorce judgments where there is an agreement which is incorporated into the journal entry of the trial court and where the trial court has not reserved jurisdiction to modify. The reason that such a decree is final and the court does not have continuing jurisdiction to modify it is that the parties voluntarily entered into a legally binding and enforceable contract. When parties enter into an agreement and it is submitted to the court, approved, and incorporated into a divorce decree, justice requires that the agreement be binding upon both parties.
Popovic v. Popovic (1975), 45 Ohio App.2d 57, 64. See alsoMerkle v. Merkle (1996), 115 Ohio App.3d 748, 752. These cases are in accord with R.C. 3105.63 (A) (1) which provides that the parties must provide authorization for the court to modify the terms or amount of spousal support within the agreement. Without this authorization, they remove the court's discretion to make or to modify the award.
The agreement does allow the possibility that spousal support may be awarded under very limited circumstances. This does not necessarily mean that the court retained jurisdiction. "The fact that the award is subject to events * * * does not, in our opinion, make the award a continuing order within the meaning of R.C.3105.18 (E)." Kirkwood v. Kirkwood (September 4, 1996), Hamilton App. No. C-950940, unreported. Instead, the clause must be viewed within the context of the agreement. The agreement requires that one of the parties voluntarily, or involuntarily, attempt to discharge their responsibilities contained in the various articles of the agreement in "bankruptcy, wages earners plan, or insolvency proceeding." Separation Agreement, Article 11, p. 10. While the record does reflect that Ms. McLaughlin did file for bankruptcy, she has not shown she attempted to discharge any of the responsibilities assigned under the separation agreement. Further, she later dismissed her petition for bankruptcy.
The standard of review in cases of this nature is abuse of discretion. Kucmanic v. Kucmanic (1997), 119 Ohio App.3d 609, citing Booth v. Booth (1989), 44 Ohio St.3d 142, 144 and Shanleyv. Shanley (1989), 46 Ohio App.3d 100. Abuse of discretion exists when the trial court acts unreasonably. Blakemore v. Blakemore
(1983), 5 Ohio St.3d 217, 291. Here, the trial court concluded that Ms. McLaughlin's filing alone did not provide the court with jurisdiction to modify spousal support. It is not enough to meet the agreement's condition that the party's assigned responsibilities be discharged. She failed to identify which of her responsibilities would be discharged. Consequently, the bankruptcy condition under the 1993 decree had not been met. Consequently, Ms. McLaughlin's first assigned error is overruled.
In her second assigned error, she argues that the trial court abused its discretion when it denied her request for post-judgment relief based on Mr. Cotner's willful refusal to sell the marital home. This post-judgment relief was a contempt action. Under R.C. 2705.02 a person guilty of any of the following acts may be punished for a contempt:
 (A) Disobedience of, or resistance to, a lawful writ, process, order, rule, judgment, or command of a court or an officer.
Ms. McLaughlin sought the court's enforcement of the separation agreement which directs him to sell the home. "[T]he terms of a contract between the parties in a domestic relations action are raised to the status of being a part of the court's judgment when made part of the decree. * * *" Harris v. Harris (1979), 58 Ohio St.2d 303,307, citing Holloway v. Holloway (1935), 130 Ohio St. 214.
 A decree which incorporates an agreement is a decree of court nevertheless, and as soon as incorporated into the decree the separation agreement is superseded by the decree, and the obligations imposed are not those imposed by contract, but are those imposed by decree, and enforceable as such.
Id. at 308. As has been discussed, the separation agreement was incorporated into the divorce decree. Failure to comply with the provisions of a separation agreement incorporated into a divorce decree was treated as civil contempt in Pedone v.Pedone (1983), 11 Ohio App.3d 164, 165. Pedone described civil contempt as "failing to do something ordered to be done by the court in a civil action for the benefit of the opposing party therein." Id., quoting Beach v. Beach (1955), 99 Ohio App. 428,431.
In its ruling on the motion, the trial court found that Mr. Cotner had substantially complied with the court's order under the divorce decree. It found Ms. McLaughlin's refusal to agree to lower the price of the home had prevented it from being sold. The court went on to order Ms. McLaughlin to select a realtor acceptable to Mr. Cotner. Both parties were ordered to place the home on the market at an agreed upon price. A trial court's decision in a contempt proceeding will not be disturbed without a finding of abuse of discretion. In Re Ayer (1997), 119 Ohio App.3d 571,575. Without finding that the court's ruling was "unreasonable, arbitrary or unconscionable" there is no abuse of discretion; and, we cannot disturb the trial court's judgment.Blakemore at 291. A transcript from the hearing was not submitted to this court. However, from the record it is clear that Ms. McLaughlin was not willing to sell the home at a price less than that originally set in the separation agreement. She provided no evidence that the home's current appraised value is actually anywhere near the price she sought. Consequently, there is nothing before this court which would allow us to find the court abused its discretion in finding her, and not Mr. Cotner, at fault. Therefore, for the reasons given above, we conclude Ms. McLaughlin's second assigned error is overruled.
Judgment affirmed.
It is ordered that appellee recover of appellant his costs herein taxed.
The Court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this Court directing the Domestic Relations Division of Common Pleas Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure. Exceptions.
DYKE, P.J., and ROCCO, J., CONCUR.
 ________________________________ PATRICIA ANN BLACKMON JUDGE