DECISION AND JUDGMENT ENTRY
This is an appeal from a grant of summary judgment by the Lucas County Court of Common Pleas, Domestic Relations Division, in favor of appellee. For the reasons that follow, this court affirms the judgment of the trial court.
Appellant sets forth the following assignments of error:
 "A. The Trial Court committed error in finding that O.R.C. 1303.40 does not bar the post-divorce claims of the Appellee.
 "B. The Trial Court Committed Error in Awarding Attorney's Fees where the Appellant was not held in Contempt and where no evidence was presented to Support the Claims of the Attorney's Fees."
The facts that are relevant to the issues raised on appeal are as follows. Appellee's complaint for divorce and appellant's answer came on for hearing on December 23, 1997. At that time, counsel represented to the court that the parties had settled their differences and had entered into a written separation agreement. The separation agreement was presented to the court and read into the record, with the addition of a one-paragraph addendum as discussed below. The portion of the settlement agreement relevant to this appeal provided that appellant would pay appellee a property settlement of $1 million, with an initial payment of $250,000 due at the time of the hearing, and subsequent payments to be made in specific amounts at specified times. Interest payments were due beginning March 31, 1998, while subsequent installments on the remaining $750,000 were due beginning July 1, 1998. The agreement further provided that in the event of a default in any scheduled payment of principal or interest, the entire amount would become immediately due at an interest rate of eighteen percent. The addendum to the separation agreement provided that appellant could satisfy the entire $750,000 obligation by making one payment of $625,000 on or before January 31, 1998.
In an effort to satisfy the obligation by January 31, 1998, appellant attempted to obtain loans for the $625,000 early payoff. Appellant acquired one loan for part of the amount after appellee signed a quitclaim deed in regard to a piece of real estate the parties had owned together. In order to acquire a second loan for the remaining amount, appellant was required by the bank to pledge as security another piece of real estate jointly owned by the parties. Appellee, however, did not assign her interest in that property and appellant was not able to close on the second loan in time to make the January 31, 1998 early payoff. On February 10, 1998, appellee filed a "MOTION TO SHOW CAUSE; MOTION FOR LUMP SUM JUDGMENT; MOTION TO POST CASH BOND; MOTION TO REQUIRE FULL COMPLIANCE WITH DECREE OF DIVORCE INCLUDING EXECUTION OF PROMISSORY NOTE AND PREPARATION AND POSTING OF LETTER OF CREDIT; MOTION FOR ATTORNEY FEES AND COURT COSTS." Appellant tendered $600,000 to appellee on February 26, 1998 as a compromise final property settlement, but appellee rejected the offer. On April 10, 1998, appellant sent a letter to appellee's counsel with a check in the amount of $625,000 "in full satisfaction of Mr. Wyper's obligations under the separation agreement relating to property division and spousal support." On April 24, 1998, appellee filed a motion for summary judgment in which she asserted that appellant was in default under the terms of the separation agreement. Appellee retained appellant's $625,000 check, however, and on May 4, 1998, she cashed it and retained the funds. In a letter to appellant's counsel dated May 19, 1998, appellee's counsel inquired as to when the remaining monies would be paid.
The trial court denied appellee's motion for summary judgment on December 7, 1998, and on February 24, 1999, appellant filed a motion for summary judgment. In support of his motion, appellant asserted that his attempt to satisfy his financial obligation to appellee by means of a negotiable instrument caused the entire transaction to be subject to the provisions of the Ohio Uniform Commercial Code (R.C. 1303.40). Appellant further argued that appellee's negotiation of the $625,000 check constituted an accord and satisfaction under the U.C.C., thereby discharging his debt to his former wife. Appellee renewed her motion for summary judgment on February 26, 1999.
The two motions for summary judgment were decided by a magistrate on the briefs without hearing. In a decision filed May 28, 1999, the magistrate denied appellant's motion for summary judgment and granted appellee's motion. Appellee was awarded a lump sum judgment of $138,614.34 plus eighteen percent interest effective April 13, 1998, the date of the $625,000 tender. The amount of the lump sum judgment was arrived at by subtracting $625,000 from the amount due on April 13, 1998 ($750,000 plus the $8,750 interest due March 31, 1998 plus additional interest at eighteen percent). The magistrate found that there was no case law to support the application of the U.C.C. to this type of case and noted that the U.C.C. itself states that its purpose is to "simplify, clarify and modernize the law governing commercial transactions." The magistrate further ordered appellant to pay appellee $9,005 for attorney fees and expenses. Appellant filed objections to the magistrate's decision, and on November 17, 1999, the trial court denied appellant's objections and adopted the magistrate's decision. The trial court found that, while there is no case law directly addressing the application of the U.C.C. to a divorce action, "it is clear that courts are reluctant to reduce a divorce decree to the status of a commercial transaction." It is from that judgment that appellant appeals.
Appellant asserts on appeal that the trial court erred by finding that the Ohio Uniform Commercial Code, specifically R.C. 1303.40, does not bar appellee's claim that he remains obligated to her for an additional $125,000. Appellant argues that the nature of the underlying transaction is irrelevant and that once he attempted to satisfy his financial obligation to appellee by means of a negotiable instrument, the entire transaction came under the scope of the Ohio Uniform Commercial Code. Appellant further asserts that appellee's negotiation of the $625,000 check constituted an accord and satisfaction pursuant to R.C. 1303.40, thereby releasing him from any further obligation.
In reviewing a summary judgment, this court must apply the same standard as the trial court. Lorain Natl. Bank v. Saratoga Apts. (1989), 61 Ohio App.3d 127, 129. Summary judgment will be granted when there remains no genuine issue of material fact and, when construing the evidence most strongly in favor of the non-moving party, reasonable minds can only conclude that the moving party is entitled to judgment as a matter of law. Civ.R. 56(C).
As to appellant's claim that the trial court should have applied R.C.1303.40 to this case, we find no precedent under Ohio case law for such an application, nor are we willing to open the door to the application of commercial law to a divorce case. As the trial court stated, the Ohio U.C.C. states that its purpose is "to simplify, clarify and modernize the law governing commercial transactions." [Emphasis added.] We note that the Supreme Court of Ohio declined to apply commercial law to a dispute arising from a divorce decree in Holloway v. Holloway (1935),130 Ohio St. 214. In holding that an order for the payment of alimony is enforceable through a contempt proceeding, the Holloway court stated that "[t]o hold otherwise would be to reduce the status of a divorce and alimony decree to that of a commercial transaction. Marriage, however, is not a matter of commerce, nor is it merely a contract between the parties." Id. at 216. Accordingly, we find that the trial court did not err by failing to apply R.C. 1303.40 to this case and appellant's first assignment of error is not well-taken.
In his second assignment of error, appellant asserts that the trial court erred by awarding appellee an additional lump sum judgment of $9,005 for attorney fees and expenses. Appellant argues that there was no basis for the award, because he was not found in contempt and appellee did not present any evidence that she was unable to pay her own attorney fees.
Whether appellant was found in contempt in this case and whether appellee has the ability to pay her own attorney fees have no bearing on the trial court's ability to award attorney fees. "An award of attorney fees is a matter within the sound discretion of the trial court." Laynev. Layne (1992), 83 Ohio App.3d 559, 568. "The term `abuse of discretion' connotes more than an error of law or judgment, it implies that the court's attitude is unreasonable, arbitrary or unconscionable."Blakemore v. Blakemore (1983), 5 Ohio St.3d 217, 219. This court, inGearig v. Gearig (Mar. 31, 1993), Lucas App. No. L-92-150, unreported, found that "[u]nder certain circumstances, a domestic relations court may use its own knowledge and experience in reviewing a record to determine the necessity for and reasonableness of attorney fees. Goode v. Goode
(1990), 70 Ohio App.3d 125, 134, 590 N.E.2d 439; Sladoje v. Sladoje
(Feb. 20, 1990), Franklin App. No. 89AP-786, unreported."
Further, R.C. 3105.18(H) provides:
 "(H) In divorce or legal separation proceedings, the court may award reasonable attorney's fees to either party at any stage of the proceedings, including, but not limited to, any appeal, any proceeding arising from a motion to modify a prior order or decree, and any proceeding to enforce a prior order or decree, if it determines that the other party has the ability to pay the attorney's fees that the court awards. * * *"
Appellant argues that the award was improper because appellee has the ability to pay her own attorney fees. The trial court was not required, however, to consider whether appellee could pay her fees, but rather to consider whether appellant has the ability to pay the fees as awarded.
This court finds that there is nothing in the record to indicate that the trial court abused its discretion in awarding attorney fees to appellee or to show that appellant was prejudiced by such an award. Accordingly, appellant's second assignment of error is not well-taken.
This court has reviewed the entire record of proceedings before the trial court and, upon consideration thereof and the law, finds that there exists no genuine issue of material fact and appellee is entitled to summary judgment as a matter of law. On consideration whereof, the judgment of the Lucas County Court of Common Pleas, Domestic Relations Division, is affirmed. Costs of this appeal are assessed to appellant.
 ____________________ KNEPPER, P.J.
 Melvin L. Resnick, J., Mark L. Pietrykowski, J., JUDGES CONCUR.