I respectfully dissent from the opinion and judgment of the majority for the reason that I disagree with the majority's conclusion that appellee cannot be classified as a debtor within the scope of R.C. Chapter 1336, Ohio's Fraudulent Transfer Act ("Act").
The issue presented before this court as to the third assignment of error is whether a spouse's obligation to pay alimony in the amount provided in a separation agreement, which was incorporated into and made part of the dissolution decree, constitutes a debt as defined by the Act.
According to the majority, the Act is not applicable because appellee is not a debtor under the statute as the obligation to pay spousal support pursuant to a separation agreement does not constitute a debt. The majority cites to Cramer v. Petrie (1994), 70 Ohio St.3d 131, 136 for the proposition that an obligation to pay spousal or child support is not a debt within the meaning of Section 15, Article 1 of the Ohio Constitution; thus, an order to pay support may be enforced by imprisonment through contempt proceedings.[1]
Furthermore, in Holloway v. Holloway (1935), 130 Ohio St. 214, syllabus, the Supreme Court of Ohio held that contempt proceedings may be brought against a spouse for failure to pay alimony as provided in a separation agreement, which is incorporated into a divorce decree, without violating the prohibition of imprisonment for debt. See, also,Harris v. Harris (1979), 58 Ohio St.2d 303, 309.[2]
This court, however, is not concerned with whether appellee's obligation can be characterized as a debt within the meaning of Section15, Article 1 of the Ohio Constitution. Rather, this court is confronted with the issue of whether appellee's spousal support obligation pursuant to a separation agreement constitutes a debt under the Act.
As defined in the Act at R.C. 1336.01(E), a "debt" means "liability on a claim." A "claim" is "a right to payment, whether or not the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." R.C. 1336.01(C). The Act further defines "creditor" to be "a person who has a claim[,]" while a "debtor" is "a person who is liable on a claim." R.C. 1336.01(D) and (F).
Under the plain language of R.C. 1336.01(C), appellant has a contractual claim against appellee in that she alleges a right to payment in the form of spousal support under the separation agreement. A separation agreement is considered to be a binding contract between the parties. In re Whitman (1998), 81 Ohio St.3d 239, 241; In re Adams
(1989), 45 Ohio St.3d 219, 220. As such, a separation agreement is subject to the same rules of construction. Lelux v. Chernick (1997),119 Ohio App.3d 6, 10.
Further, I emphasize that appellant's claim of a right to payment under the separation agreement is viable regardless of whether "the right is reduced to judgment, liquidated, unliquidated, fixed, contingent, matured, unmatured, disputed, undisputed, legal, equitable, secured, or unsecured." R.C. 1336.01(C). Specifically, appellant's claim against appellee is for half of the interest income generated by the funds within the certificates of deposit during the second five year period, and that appellee may not transfer the assets out of his name to avoid paying her half of the interest income.
Since appellant has a claim against appellee within the meaning of the Act, appellant can be labeled a creditor, to wit: a person who has a claim. Further, appellee can be classified as a debtor under the Act because he is the person who is allegedly liable on the claim for spousal support pursuant to the separation agreement.
Even if the Act were applied to the instant matter, the ultimate outcome would have been the same as that reached by the majority. Under the Act, fraud is imputed to the debtor when the statutory elements have been met. Accordingly, the creditor does not need to prove the elements of common law fraud.
The Act imposes liability on the debtor if the creditor proves that the debtor had the actual intent to hinder, delay or defraud the creditor by transferring assets. R.C. 1336.04(A)(1). The factors used to determine whether appellee had actual intent to defraud are set forth in R.C.1336.04(B), and are also referred to as "badges of fraud."[3]
Some of these "badges" apply to the transaction in question. For instance, the transfer of $300,000 occurred between appellee and his current wife, Charlotte Gonzalez, within two weeks after receiving the August 20, 1996 judgment from the trial court, and was transferred without consideration. Despite the fact that a number of factors under R.C. 1336.04(B) are present, I agree with the conclusion reached by the majority that appellee did not obtain the $300,000 during the commencement of the second five year period of his spousal support obligation, and that since he satisfied his support obligations for the year, he was free to spend the $300,000 as he pleased. Thus, there was no intent to hinder, delay or defraud appellant as the money was appellee's to spend as he wished because his spousal support obligations were satisfied for the year.
Nevertheless, I strongly disagree with the conclusion and opinion of the majority when it refused to recognize appellee as a debtor and apply the Act. Therefore, I dissent from that portion of the opinion and would hold that appellee is, indeed, a debtor as defined by the Act, and that such Act is applicable to the instant matter.
 ________________ CHRISTLEY, J.
[1] Section 15, Article 1 of the Ohio Constitution provides: "No person shall be imprisoned for debt in any civil action, on mesne or final process, unless in cases of fraud."
[2] Holloway remains good law today and has been reaffirmed by the Supreme Court in Harris at 308-310.
[3] R.C. 1336.04(B) enumerates the following factors to be given consideration:
(1) Whether the transfer or obligation was to an insider;
 "(2) Whether the debtor retained possession or control of the property transferred after the transfer;
 "(3) Whether the transfer or obligation was disclosed or concealed;
 "(4) Whether before the transfer was made or the obligation was incurred, the debtor had been sued or threatened with suit;
 "(5) Whether the transfer was of substantially all of the assets of the debtor;
"(6) Whether the debtor absconded;
"(7) Whether the debtor removed or concealed assets;
 "(8) Whether the value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred;
 "(9) Whether the debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred;
 "(10) Whether the transfer occurred shortly before or shortly after a substantial debt was incurred;
 "(11) Whether the debtor transferred the essential assets of the business to a lienholder who transferred the assets to an insider of the debtor."