OPINION
{¶ 1} Cross-Appellant Daniel L. Bear appeals from the judgment entry in the Tuscarawas County Court of Common Pleas, granting a divorce between Daniel and Cynthia L. Bear.[1] The relevant facts leading to this appeal are as follows.
 {¶ 2} The parties were married on January 23, 1982. One child was born as issue of the marriage; in addition, the parties adopted five children. On November 21, 2001, Cynthia filed a complaint for legal separation. Daniel answered the complaint and filed a counterclaim for divorce. On December 6, 2001, a magistrate ordered temporary spousal support of $250 per month to be paid by Daniel. Shortly thereafter, both parties filed motions to set aside the magistrate's order. The court thereupon conducted a hearing on said motions on February 4, 2002.
 {¶ 3} On June 24, 2002, the trial court issued a judgment entry based on the foregoing, ordering, inter alia, appellant to pay temporary spousal support of $1700 per month, effective December 6, 2001.
 {¶ 4} Subsequently, following evidentiary hearings on the complaint and counterclaim, the magistrate issued a decision recommending a divorce on October 2, 2003, followed by a decision nunc pro tunc on October 16, 2003. The magistrate ordered, inter alia, the marital home sold and the proceeds thereof equally divided. Cynthia was named residential parent and legal custodian. No child support was ordered, based on the children's social security benefits. Daniel was ordered to pay spousal support of $250 per month for three years. The magistrate further recommended:
 {¶ 5} "All spousal support arrears should be preserved, as this is a long-term marriage. The Court should not retain jurisdiction over the issue of Spousal Support." Magistrate's Decision, Oct. 16, 2003, at 14.
 {¶ 6} Both parties thereafter filed Civ.R. 53 objections. Following an oral hearing, the trial court issued a judgment entry dated May 17, 2004, adopting the magistrate's decision, with the exception of adding a commencement date of May 1, 2004 for the $250 monthly spousal support order. On May 24, 2004, Daniel filed a motion for findings of fact and conclusions of law, pursuant to Civ.R. 52.
 {¶ 7} On June 14, 2004, Daniel filed a notice of appeal. The trial court issued its findings and conclusions on September 16, 2004, several months after Daniel had filed his appellate brief with this Court.
 {¶ 8} Daniel herein raises the following three Assignments of Error:
 {¶ 9} "I. The trial court erred in not complying with the Mandates of rule 52 of the ohio rules of civil procedure.
 {¶ 10} "II. The trial court erred in preserving temporary spousal support arrearages which accumulated at the rate of $1,700.00 per month when there was a total inability to pay the same.
 {¶ 11} "III. The trial court erred in not inserting language which would allow further review of the spousal support award due to defendant/appellant's poor health."
 I. {¶ 12} In his First Assignment of Error, appellant argues the trial court erred in failing to issue findings of fact and conclusions of law pursuant to Civ.R. 52, per his motion requesting the same. However, as noted above, the trial court issued findings of fact and conclusions of law on September 16, 2004.
 {¶ 13} Appellant's First Assignment of Error is therefore overruled as moot.
 II. {¶ 14} In his Second Assignment of Error, appellant contends the trial court erred in preserving the arrearages accrued for temporary spousal support. We disagree.
 {¶ 15} The standard of review for considering challenges to arrearage awards for temporary spousal support is whether the trial court abused its discretion. Pullano v. Pullano (March 10, 1997), Butler App. No. CA96-07-126 (additional citations omitted). In order to find an abuse of discretion, a trial court's action must have been arbitrary, unreasonable or unconscionable and not merely an error of law or judgment. Blakemorev. Blakemore (1983), 5 Ohio St.3d 217, 219.
 {¶ 16} Appellant directs us to evidence in the record indicating he works part-time for Eastern Geothermal, aka ICYKX Corporation, a company in which he has partial ownership rights. He is 64 years old, has a premarital pension of just $77.00 per month, and receives social security benefits. His 2001 total income was $19,374.00. As of late summer of 2003, at the time of the divorce hearings, his ICYKX income was only $9800.00. Eastern Geothermal operated at a loss in 2002 and 2003, and appellant has already borrowed over $5200.00 from the company. Appellant also contends he not in good health. Appellee Cynthia, age 45, worked at Eastern Geothermal until 2001. She has one year of beautician's school and 2-1/2 years of college. The parties' marital home has little or no equity value. The magistrate cogently summarized that the parties' finances "are in a state of complete disarray." Decision at 10.
 {¶ 17} The trial court justified its decision not to extinguish the temporary arrearages as follows:
 {¶ 18} "In the exercise of its discretion, this Court determined that the payment of temporary spousal support by the Defendant Daniel L. Bear, was appropriate.
 {¶ 19} "In ruling on the original Requests for Temporary Orders filedNovember 26, 2001, and November 30, 2001, the Magistrate ordered Daniel L. Bear to immediately reinstate Cynthia L. Bear to her previous employment with his company (the ICYKX Corporation), and to make an additional spousal support payment of $250.00 per month. (SeeMagistrate's Order dated December 6, 2001). The employment earnings of Cynthia L. Bear, alone, would total $1,473.00 per month ($340.00 per week times 52 weeks divided by 12 months). Upon objections, Daniel L. Bear claimed he could not re-employ Cynthia L. Bear due to his partial minority ownership interest in the ICYKX Corporation. This Court determined that Daniel L. Bear should not be required to re-employ Cynthia L. Bear, but should pay the full $1,700.00 per month to Cynthia L. Bear as spousal support." Findings of Fact and Conclusions of Law at 3-4.
 {¶ 20} Accordingly, having reviewed the record in this matter, we are unpersuaded the trial court abused its discretion in preserving appellant's arrearages owed on temporary spousal support.
 {¶ 21} Appellant's Second Assignment of Error is therefore overruled.
 III. {¶ 22} In his Third Assignment of Error, appellant contends the trial court erred in failing to order continuing jurisdiction over the $250, 36-month, spousal support order set forth in the final decree.
 {¶ 23} R.C. 3105.18(E) mandates that a trial court must specifically reserve jurisdiction in its divorce decree or a separation agreement incorporated into the decree in order to modify a spousal support award. The decision of whether to retain such jurisdiction is a matter within the domestic relations court's discretion. Smith v. Smith (Dec. 31, 1998), Lucas App. No. L-98-1027, citing Johnson v. Johnson (1993),88 Ohio App.3d 329, 331, 623 N.E.2d 1294.
 {¶ 24} We have reviewed the objection to the magistrate's decision filed by appellant on October 16, 2003. Although making reference to the prospective 36-month spousal support order of $250 per month, his objection does not raise the issue of continuing jurisdiction thereon. In fact, in appellant's subsequent reply to Cynthia's cross-objection, he patently states: "Daniel Bear does not object to paying $250 per month for the next 36 months as ordered." Defendant's Reply, January 8, 2004, at 12. We therefore find appellant has waived his right to argue this issue on appeal. See, e.g., In re McClain, Licking App. No. 01 CA 92, 2002-Ohio-2467.
 {¶ 25} Appellant's Third Assignment of Error is overruled.
 {¶ 26} For the reasons stated in the foregoing opinion, the judgment of the Court of Common Pleas, Tuscarawas County, Ohio, is hereby affirmed.
Wise, J.,
Hoffman, P.J., and Farmer, J., concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion, the judgment of the Court of Common Pleas of Tuscarawas County, Ohio, is affirmed. Costs in Case No. 2004 AP 06 0042 are assessed to Cynthia Bear. Costs in Case No. 2004 AP 06 0043 are assessed to Daniel Bear.
[1] Cynthia Bear filed an appeal under case number 2004 AP 06 0042, which is consolidated with 2004 AP 06 0043. Cynthia's appeal was dismissed on September 14, 2004 for want of prosecution. We will hereinafter refer to Daniel as "appellant," even though he is technically the Appellee/Cross-Appellant.