[Cite as *In re Juergensen*, 2011-Ohio-5805.]

COURT OF APPEALS
STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT

| | |
|---|---|
| IN RE: | JUDGES:<br>Hon. William B. Hoffman, P.J. |
| ELIZABETH INKINEN-JUERGENSEN, | Hon. Sheila G. Farmer, J.<br>Hon. John W. Wise, J. |
|     Appellee, | |
| | Case No. 2011CA00102 |
| v. | |
| JOHN JUERGENSEN, | O P I N I O N |
|     Appellant. | |

| | |
|---|---|
| CHARACTER OF PROCEEDING: | Appeal from the Stark County Court of Common Pleas, Domestic Relations Division, Case No. 2009DR00774 |
| JUDGMENT: | Affirmed |
| DATE OF JUDGMENT ENTRY: | November 7, 2011 |
| APPEARANCES: | |

For Appellee                                              For Appellant

SUSAN PUCCI                                    JOHN L. JUERGENSEN
4429 Fulton Dr. N.W.                             John L. Juergensen Co., LPA
Canton, Ohio 44718                          Washington Square Office Park
                                             6545 Market Avenue North
                                           North Canton, Ohio 44721

*Hoffman, P.J.*

{¶ 1} Appellant John Juergensen ("Husband") appeals the April 4, 2011 Judgment Entry entered by the Stark County Court of Common Pleas, Domestic Relations Division, which denied his post-decree motion for a reduction of spousal support. Appellee is Elizabeth Inkinen-Juergensen ("Wife").

STATEMENT OF THE FACTS AND CASE

{¶ 2} Husband and Wife were married on July 31, 1993. Two children were born as issue of said union. Via Judgment Entry/Decree of Divorce, filed August 4, 2009, the trial court granted the parties' Petition for Dissolution and adopted the parties' Separation Agreement as part of the Decree.

{¶ 3} Pursuant to the Separation Agreement, Husband was ordered to pay Wife an amount equal to one-half of his income through a combination of spousal support and child support. The terms of the Separation Agreement set child support at $700/month, and spousal support at $1,700/month. With respect to spousal support, the Separation Agreement provided, "In no event, will the amount of spousal support be less than [$1,700]." The trial court maintained jurisdiction over the issue of spousal support, "To effectuate the intent of the parties", but the trial court did not retain jurisdiction over "the duration or length of spousal support".

{¶ 4} On August 23, 2010, Husband filed a motion for modification of spousal support, seeking to reduce the amount of his monthly spousal support obligation. The trial court conducted a hearing on Husband's motion on September 13, 2010. On that same day, Wife filed a motion to show cause, asking the trial court to find Husband in contempt for failing to comply with several provisions of the Decree, including non-

payment of spousal and child support. The trial court continued the hearing at the parties' request for additional discovery and briefing.

**{¶ 5}** Via Judgment Entry filed April 4, 2011, the trial court found it lacked subject matter jurisdiction to reduce Husband's spousal support obligation below $1,700/month pursuant to Article II, Section 2 of the Separation Agreement.

**{¶ 6}** It is from this Judgment Entry Husband appeals, raising the following assignment of error:

**{¶ 7}** "I. THE TRIAL COURT ERRED AS A MATTER OF LAW IN FINDING THAT THE COURT LACKS JURISDCITION TO LOWER APPELLANT'S SPOUSAL SUPPORT OBLIGATION."

**{¶ 8}** Husband submits the Separation Agreement expressly reserved jurisdiction to the trial court to modify spousal support. The Separation Agreement provides the reservation of jurisdiction in the trial court was "to effectuate the intent of the parties". Husband contends the intent of the parties was for Wife to have one-half of Husband's income, and implicit in that intent was the ability of the trial court to increase or decrease spousal support pursuant to Husband's gross income. We disagree.

**{¶ 9}** "Once a separation agreement is incorporated into a divorce decree, the agreement is superseded by the decree and its terms are imposed not by contract, but by the decree. *Greiner v. Greiner* (1979), 61 Ohio App.2d 88, 399 N.E.2d 571, citing *Wolfe v. Wolfe* (1976), 46 Ohio St.2d 399, 350 N.E.2d 413; *Robrock v. Robrock* (1958), 167 Ohio St. 479, 150 N.E.2d 421; *Newman v. Newman* (1954), 161 Ohio St. 247, 118 N.E.2d 649; *Law v. Law* (1901), 64 Ohio St. 369, 60 N.E. 560." *Lisboa v. Lisboa*, Cuyahoga App. No. 95673, 2011-Ohio-351, at para. 14.

{¶ 10} In *Holloway v. Holloway* (1935), 130 Ohio St. 214, 198 N.E. 579, 580, the Ohio Supreme Court unanimously held, where an agreement is incorporated in a decree, the agreement is superseded by the decree, and the obligations imposed are not those imposed by contract but are those imposed by decree and are enforceable as such.

{¶ 11} *Holloway* involved a question of alimony. However, the Ohio Supreme Court in *Robrock v. Robrock* (1958), 167 Ohio St. 479, 150 N.E.2d 421, overruled in part by *Nokes v. Nokes* (1976), 47 Ohio St.2d 1, 351 N.E.2d 174, found the rationale "equally appropriate to a question involving an agreement relating to minor children". Citing *Holloway*, the *Robrock* Court stated:

{¶ 12} " 'A decree granting divorce and awarding alimony is an order of court in the enforcement of which the public has a vital interest. An alimony obligor is not exempt from the operation of the decree by reason of the separation agreement. To hold otherwise would be to reduce the status of a divorce and alimony decree to that of a commercial transaction. Marriage, however, is not a matter of commerce, nor is it merely a contract between the parties. Marriage is a basic social institution of the highest type and importance, in which society at large has a vital interest.

{¶ 13} " 'Where a court, in its divorce decree, adopts the language of a separation agreement, it does not thereby reduce the status of the decree to that of a mere contract. While a contract may become a decree of court, a decree of court cannot assume the status of a mere contract. The right to alimony does not arise from any business transaction, but from the relation of marriage.'" Id. at 483.

{¶ 14} In order to modify a spousal support award, a trial court must specifically reserve jurisdiction in its divorce decree or a separation agreement incorporated into said decree. R.C. 3105.18(E); *Bear v. Bear*, Fifth App. Case Nos. 2004AP060042, 0043, 2005-Ohio-1490. The question before us is whether the parties' separation agreement earlier gave the trial court jurisdiction to reduce the spousal support award below $1700/month.

{¶ 15} When parties dispute the meaning of a clause in their separation agreement, the trial court must first determine whether the clause is ambiguous. *Butcher v. Butcher*, 2011-Ohio-2550 (citation omitted). However, if the terms of the separation agreement are unambiguous, a trial court may not clarify or interpret those terms. Id. "If the language of a written instrument is clear and unambiguous, the interpretation of the instrument is a matter of law and the court must determine the intent of the parties using only the language employed." *Woronka v. Woronka*, Fifth District App. No. 2010CA00193, 2010-Ohio-498, at paragraph 19.

{¶ 16} The Separation Agreement at issue herein specifically provides Husband is to pay Wife a monthly amount equal to one-half of his gross income as spousal support, and less any amount of child support. At the time of the decree, the spousal support award was $1,700/month, and "In no event, will the amount of spousal support be less than this."

{¶ 17} We find the Separation Agreement clearly and unambiguously provides the parties' intent was for Wife to have one-half of Husband's income, at an amount not less than $1,700/month, less child support. While we find the trial court did, in fact, reserve jurisdiction over the amount of spousal support, we find it correctly determined

the agreement unambiguously stated spousal support would not be less than $1,700/month.

**{¶ 18}** Husband's sole assignment of error is overruled.

**{¶ 19}** The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.

By: Hoffman, P.J.

Farmer, J. and

Wise, J. concur

s/ William B. Hoffman_____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE

IN THE COURT OF APPEALS FOR STARK COUNTY, OHIO
FIFTH APPELLATE DISTRICT


IN RE:                                    :
                                          :
ELIZABETH INKINEN-JUERGENSEN,             :
                                          :
        Appellee,                         :
                                          :
v.                                        :          JUDGMENT ENTRY
                                          :
JOHN JUERGENSEN,                          :
                                          :
        Appellant.                        :          Case No. 2011CA00102


For the reasons stated in our accompanying Opinion, The judgment of the Stark County Court of Common Pleas, Domestic Relations Division, is affirmed.   Costs assessed to Appellant.


s/ William B. Hoffman _____
HON. WILLIAM B. HOFFMAN


s/ Sheila G. Farmer_____
HON. SHEILA G. FARMER


s/ John W. Wise_____
HON. JOHN W. WISE